UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Kantor, individually and on behalf of all others similarly situated;<br><br>         Plaintiff,<br><br><br><br><br><br>  -v.-<br><br>Forster & Garbus LLP,<br><br>Midland Funding, LLC,<br><br>John Does 1-25<br><br>         Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jonathan Kantor (hereinafter, "Plaintiff" or "Kantor"), a New York resident, brings this

Class Action Complaint by and through his attorneys, RC Law Group, PLLC, against Defendants

Forster & Garbus LLP (hereinafter "F&G") and Midland Funding, LLC (hereinafter "Midland"),

individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except

for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal

knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Queens, residing at 631 Beach 9th Street, Apt. 6G, Far Rockaway, NY 11691.

8.      Forster & Garbus LLP is a "debt collector" as the phrase is defined in <u>15 U.S.C. § 1692(a)(6)</u> and used in the FDCPA with an address at 60 Motor Parkway, Commack, NY 11725.

9.      Upon information and belief, Defendant Forster & Garbus LLP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Forster & Garbus LLP is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     Midland Funding LLC is a "debt collector" as the phrase is defined in <u>15 U.S.C. § 1692(a)(6)</u> and used in the FDCPA with an address at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

12.     Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13.     Defendant Midland is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16.     The Class consists of:

        a.  all individuals with addresses in the State of New York;

b.  to whom Forster & Garbus LLP sent a collection letter attempting to collect a consumer debt;

c.  on behalf of Defendant Midland Funding LLC;

d.  without disclosing that the statute of limitations to file a lawsuit to collect the debt has lapsed;

e.  and additionally if a payment is made it would restart the statute of limitations;

f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

17.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

20.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither

the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

21.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

   c. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their

counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23.   Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

24.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.   Some time prior to March 2, 2017, an obligation was allegedly incurred to Capital One Bank (USA) NA by the Plaintiff.

26.     The Capital One Bank (USA) NA obligation arose out of a transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27.     The alleged Capital One Bank (USA) NA obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     Capital One Bank (USA) NA is a "creditor" as defined by 15 U.S.C. §1692a(4).

29.     Midland Funding LLC, a debt collector and the subsequent owner of the Capital One Bank (USA) NA debt, contracted the Defendant F &G to collect the alleged debt.

30.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – March 2, 2017 Collection Letter*

31.     On or about March 2, 2017, Defendant Forster & Garbus sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Midland. **See Exhibit A**.

32.     The Collection Letter's letterhead is captioned:

> FORSTER & GARBUS LLP
> A NEW YORK LAW FIRM

33.     The top right hand corner of the letter contains an account summary.

34.     The final line states: "Default Date: 01/31/2013".

35.     The March 2, 2017 Collection Letter fails to disclose that the statute of limitations for Defendant Forster & Garbus to file a lawsuit to collect the debt has lapsed.

36.     This is a material omission that threatens the consumer's rights and attempts to coerce payment from the consumer.

37.     This material omission is even more egregious since the Collection Letter was sent by a law firm, on law firm letterhead, and strongly implies that legal action could still occur.

38.     Further the letter fails to clearly and adequately inform the consumer as to the true legal status of the debt and potential ramifications of making a payment and restarting the statute of limitations.

39.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

42.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendant violated said section

a.     by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10);

b.     by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

c.      my making the threat to take any action that cannot legally be taken or that

is not intended to be taken in violation of §1692e(5).

44.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages,

costs and attorney's fees.


## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f
## *et seq.*

45.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

46.      Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47.      Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or

unconscionable means in connection with the collection of any debt.

48.      Defendant violated this section by omitting material information   that   gave

Plaintiff a false understanding of the rights provided him under the FDCPA.

49.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages,

costs and attorneys' fees.


## DEMAND FOR TRIAL BY JURY

50.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jonathan Kantor, individually and on behalf of all others similarly

situated, demands judgment from Defendants Forster & Garbus LLP, and Midland Funding, LLC

as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may

deem just and proper.


    Dated:  Hackensack, New Jersey
            February 21, 2018


                                    /s/ Daniel Kohn
                                By:  Daniel Kohn

                                **RC Law Group, PLLC**
                                285 Passaic Street
                                Hackensack, NJ 07601
                                Phone: (201) 282-6500
                                Fax: (201) 282-6501
                                *Attorneys For Plaintiff*